GREEN *v.* GRISWOLD *et al.*

*(Superior Court of New York City, Special Term.   July 10, 1888.)*

HUSBAND AND WIFE—GIFTS TO HUSBAND—EVIDENCE.

In an action to subject moneys deposited with a trust company in the name of a judgment debtor, "in trust," to the payment of judgments, it appeared that for many years the debtor's wife had given him various sums without instructions as to their disposition, or fixing any time for repayment, and without asking or receiving any acknowledgment or account. The deposit consisted of those moneys, together with moneys received by the debtor from his business, and was drawn upon for his own purposes; and there was no evidence that the company knew of any claim to it, except by the debtor. A part of the money deposited was assigned and formally paid to the wife, but was returned and deposited in bank to the debtor's credit, "in trust." The wife did not testify. *Held*, that the fund belonged to the debtor, and was available to his judgment creditors.

Action by Harriet D. Green against William N. and Harriet E. Griswold and the Union Trust Company of New York, to subject funds deposited with the trust company to the claims of the creditors of William N. Griswold.

*George W. Greene*, for plaintiff.   *A. R. Dyett* and *R. S. Crane*, for W. N. and H. E. Griswold.   *Miller, Peckham & Dixon*, for the Union Trust Company.

O'GORMAN, J.   The question here is whether a sum of money deposited with the Union Trust Company of New York by William N. Griswold, to his credit, under the name and designation of "William N. Griswold, in trust," was, at the time of the commencement of this action, his individual property, and available to his judgment creditors for payment of his debts; or whether it was then the property of his wife, Harriet E. Griswold, as being held by him in trust for her.   The evidence does not, in my opinion, sustain her contention in this action that the money so deposited to the credit of Griswold, "in trust," was her property, and not that of her husband.   For many years before the commencement of this action she gave to her said husband, from time to time, various sums of money, without at any time giving him any instructions, or imposing on him any restrictions or limit as to the uses to which the money should be applied by him, or fixing upon any time for payment by him to her.   She never asked from him, and he never gave to her, any receipt or acknowledgment for the money so received by him from her; and she never asked and he never gave her any account as to the manner in which the money,

or any part of it, was expended. He kept no other bank account but this. He deposited to the credit of this account all moneys received by him from her, and from all persons in his ordinary business, and he drew against this account for all moneys expended by him in his business, and otherwise. There is no evidence that it was ever understood or suspected by the company that any one but Griswold made any claim to ownership of the money so deposited. The existence of a trust must be proved, either as the result of a contract, or as depending on some inference of the existence of a contract; which inference may be natural, and necessary to prevent serious injustice. There is no evidence in this case from which any such contract between Griswold and his wife can be gathered or presumed. The fact that Mrs. Griswold, herself one of the defendants, was not examined as a witness, is significant. The relations between her and her husband are those only of creditor and debtor. Her title to her money deposited by him was only a chose in action on which she could bring suit against him in any appropriate form. The relations of Griswold to the Union Trust Company were also those of creditor and debtor. The testimony that some of this money so deposited had been formally assigned to her, and formally paid to her by Griswold, and returned to him, and by him deposited in bank to his credit, "in trust," seems to me immaterial, and in nowise changes the relation of the parties. The fact that Griswold chose to have the account between the Union Trust Company and him designated as that of William N. Griswold, "in trust," is also immaterial. There is no evidence that he did so at the instance of his wife, or even that she knew he had done so. If, in fact, he treated it in all respects as his own account, and subject to his own individual and unquestioned authority as to its use, it must be regarded as, to all intents and purposes, his own account, and the money deposited thereunder as his own money. My conclusion is that the plaintiff is entitled to the judgment and relief demanded by her in her complaint.